1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

            v.

DUNG VIET NGUYEN,

                    Defendant.

CASE NO. CR07-0344 RSL

DETENTION ORDER

Offense charged:

        Conspiracy to Engage in Money Laundering

        (Count 3 of Indictment)

Date of Detention Hearing: 05/30/08

        The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based

upon the factual findings and statement of reasons for detention hereafter set forth, finds that no

condition or combination of conditions which defendant can meet will reasonably assure the

appearance of defendant as required and the safety of any other person and the community.

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)   Evidence proffered by the government indicates defendant has been heavily involved in transporting marijuana, cocaine, and cash proceeds of these transactions.  The proffer indicates this enterprise is operated by a gang headquartered in Canada, and involves shipments between Canada, the State of Washington, and California.

(2)   Upon his arrest, co-defendant Kevin Le told officers he was supervised by defendant in making many trips, and sometimes acted as security for defendant.  Defendant was known as "Code 77."  He said on one such trip defendant delivered over $176,000 in cash.

(3)   The government's proffer also indicated that co-conspirators had discussed violence, including executions, and appeared also to be involved in gun-running.

(4)   A search of defendant's residence revealed three loaded firearms, and various equipment and supplies commonly associated with the transportation and distribution of controlled substances.

(5)   The search also produced evidence of two bank accounts.  The balances in those accounts, amounting to over $131,000, were seized pursuant to this court's warrants.  Defendant's sister testified at the hearing that the funds belonged to her.  But both accounts were in defendant's name.  When he applied for court-appointed counsel, he indicated in the affidavit that he had no cash on hand or money in a savings or checking account.  He told the interviewing pretrial services officer that he had $1,400 of "cash on hand."

(6)   Defendant has had no legitimate employment for the past two months, and perhaps for a substantially longer period.

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

1    (7)    He admits to past use of cocaine, but asserts he last used it two years ago.

2    (8)    He was born in Viet Nam, and is a citizen of that country.  He claims to be a legal

3           resident of this country.

4    (9)    He is associated with two dates of birth and two Social Security numbers.

5    (10)   He travels to Canada frequently, and to Viet Nam occasionally.

6    (11)   Defendant's counsel asserted he was unfairly surprised by the government's proffer.

7           He declined, however, the offer of a continuance of the detention hearing to permit him

8           to respond to the government's presentation.  At the conclusion of the hearing, the

9           court ordered detention, but indicated it would entertain a motion to reopen if defense

10          counsel could present newly available evidence which meets the statutory standard for

11          such a motion.

12

13   It is therefore ORDERED:

14   (1)    Defendant shall be detained pending trial and committed to the custody of the Attorney

15          General for confinement in a corrections facility separate, to the extent practicable,

16          from persons awaiting or serving sentences or being held in custody pending appeal;

17   (2)    Defendant shall be afforded reasonable opportunity for private consultation with

18          counsel;

19   (3)    On order of a court of the United States or on request of an attorney for the

20          Government, the person in charge of the corrections facility in which defendant is

21          confined shall deliver the defendant to a United States Marshal for the purpose of an

22          appearance in connection with a court proceeding; and

23

24

25

26   DETENTION ORDER - 3
     18 U.S.C. § 3142(i)

1    (4)    The clerk shall direct copies of this order to counsel for the United States, to counsel

2           for the defendant, to the United States Marshal, and to the United States Pretrial

3           Services Officer.

4    DATED this 30th day of May, 2008.

5

6                                    _____
                                     JOHN  L.  WEINBERG
                                     United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
     DETENTION ORDER - 4
26   18 U.S.C. § 3142(i)