UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

DUNG VIET NGUYEN,

Defendant.

No. CR07-344RSL

ORDER AFFIRMING
PRETRIAL DETENTION

## I. INTRODUCTION

This matter comes before the Court on defendant Dung Viet Nguyen's "Motion for Review of Detention Order" (Dkt. #69) and for review under 18 U.S.C. § 3145 of the May 30, 2008 detention order issued by the Honorable John L. Weinberg, United States Magistrate Judge. See Dkt. #21; #26 (Detention Order). The Court, having reviewed the recording of the May 30, 2008 detention hearing and having considered defendant's motion and the government's response along with the remainder of the record, determines that this matter is appropriate for resolution without a hearing. For the reasons set forth below, the Court affirms the detention order.

## II. DISCUSSION

**A.  Background**

On October 11, 2007, a grand jury indicted defendant and seven co-defendants on the

ORDER AFFIRMING PRETRIAL DETENTION
- 1 -

charge of conspiracy to engage in money laundering. Dkt. #1 (Indictment), Count 3. Judge Weinberg held a detention hearing on May 30, 2008, and subsequently ordered that defendant be detained in custody pending trial. See Dkt. #21; #26. On July 31, 2008, the grand jury returned a superceding indictment again charging defendant and eight co-conspirators with conspiracy to engage in money laundering. See Dkt. #49 (Superceding Indictment), Count 5. Defendant now petitions the Court for review of Judge Weinberg's May 30, 2008 detention order.

**B.    Analysis**

    **1.    Standard of review**

The Court reviews the pretrial detention order of a magistrate judge *de novo*. United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). Although the Court considers the evidence presented to the magistrate judge, it accords no deference to the magistrate judge's findings of fact and ultimate conclusion. Id. at 1193.

Under 18 U.S.C. § 3142(b), the Court shall release a defendant on personal recognizance or appearance bond, unless the Court "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The Court may impose conditions that it deems necessary to guard against a defendant's flight or danger to the community. See 18 U.S.C. § 3142(c). In deciding whether conditions could reasonably assure the defendant's appearance and the safety of the community, the Court evaluates four factors: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). To prevent a defendant's release, the government must prove that a defendant is a danger to the community by clear and convincing evidence, or it must prove that a defendant is a flight risk by a clear preponderance of the evidence. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). "Doubts regarding the propriety of release are to be resolved in favor of defendants." United States v. Townsend,

ORDER AFFIRMING PRETRIAL DETENTION

897 F.2d 989, 994 (9th Cir. 1990). The Court now turns to the factors required under 18 U.S.C. § 3142(g) to determine whether conditions of release could reasonably assure defendant's appearance at trial and protect the community.

**2. Factors for consideration**

**(a) Nature and circumstances of the offense charged**

Without making a determination of guilt or innocence, the Court finds that the serious nature of the charges and the potential sentence weigh in favor of detention. "Consideration of the nature of the offenses charged involves consideration of the penalties." Townsend, 897 F.2d at 995. Defendant faces a potential sentence of 20 years and a fine up to $500,000 or twice the value of the property involved under 18 U.S.C. § 1956(a)(1). With this sentence as a possibility, the Court finds that defendant is a flight risk.

**(b) Weight of evidence**

Although the weight of the evidence against a defendant is the least important factor in the Court's analysis, Motamedi, 767 F.2d at 1403, this factor also favors detention here. The government proffers that Kevin Le, a co-defendant in this case, confessed to his involvement in the alleged criminal enterprise and has provided additional information to the government. See Dkt. #77 at 2-3. The government proffers that Mr. Le has reported that the defendant has never had a job other than his drug-trafficking job and reported that he routinely witnessed people bringing loads of marijuana and United States currency to the defendant's home so that the drugs and money could be sorted, weighed and counted. Id. at 3.

**(c) History and characteristics of defendant**

In the totality of the circumstances, defendant's history and characteristics weigh strongly in favor of detention. In evaluating this factor, the Court considers defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. §

1  3142(g)(3).  The government proffers, and Judge Weinberg found, that defendant has admitted
2  to past cocaine use, defendant is associated with two dates of birth and two social security
3  numbers, and although defendant is reported to be a Vietnamese citizen, he contends that he is a
4  legal resident of this country.  See Dkt. #26 at 3; Dkt. #77 at 4.  The government also proffers
5  that defendant travels to Canada frequently, and to Viet Nam occasionally.  Id.

Access to substantial sums of cash should also be considered in the totality of the circumstances.  See Townsend, 897 F.2d at 996.  In this case, defendant contends that the $131,000 seized from his bank account belongs to his sister from the sale of her house.  See Dkt. #69 at 5.  Regardless of the source of the funds or the true owner, the fact that defendant had over one hundred thousand dollars in his bank account demonstrates that defendant has access to substantial sums of cash.  Viewed holistically, the Court finds that by a clear preponderance of the evidence, the record reveals defendant is a potential flight risk, which cannot be mitigated through conditions of release.

### (d)  Nature and seriousness of danger to the community

The Court also finds that the government has proven by clear and convincing evidence that defendant is a danger to the community.  See Dkt. #246 at 9.  Although neither violence or the distribution of drugs is directly charged against defendant, the government proffers that defendant was directly involved with the transportation of hundreds of pounds of marijuana and hundreds of thousands of dollars in cash for a significant drug trafficking organization, and that defendant had three loaded guns in his home when searched by law enforcement.  See Dkt. #77 at 2-3; Dkt. #26 at 2; see also United States v. Montoya, 486 F. Supp. 2d 996, (D. Ariz. 2007) ("The Court concludes that . . . the plain language of the detention statute instructs the Court to consider not only whether the crime charged is a per se crime of violence, but whether the crime charged involves a crime of violence, and also the nature and circumstances of the offense charged, when determining if a defendant is a danger to the community and should be detained pending trial.") (emphasis in original).  Accordingly, based on the totality of the circumstances in the record, the government has shown by clear and convincing evidence that defendant is a

ORDER AFFIRMING PRETRIAL DETENTION

danger to the community.

## IV.  CONCLUSION

For the reasons set forth above, the Court finds that the government met its burden by a clear preponderance of the evidence that defendant's risk of flight requires detention, and finds that the government has shown by clear and convincing evidence that there are no conditions of release that would reasonably assure the safety of the community.  Accordingly, the Court AFFIRMS the pretrial detention of defendant (Dkt. #21; #26) and DENIES defendant's motion (Dkt. #69).

DATED this 4th day of September, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge